﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 200127-58867
DATE: December 31, 2020

ORDER

Readjudication of the claim of entitlement to service connection for erectile dysfunction secondary to service-connected disabilities is granted.

REMANDED

Entitlement to service connection for erectile dysfunction secondary to service-connected disabilities is remanded. 

Entitlement to special monthly compensation based on loss of use of the creative organ is remanded.

FINDING OF FACT

New evidence was received after the initial August 2019 denial that is relevant to the issue of entitlement to service connection for erectile dysfunction secondary to service-connected disabilities. 

CONCLUSION OF LAW

The criteria for readjudicating the claim of service connection for erectile dysfunction secondary to service-connected disabilities have been met. 38 C.F.R. § 3.156(d) (2020). 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from November 2005 to February 2010, and from February 2014 to November 2014.

The rating decision on appeal was issued in January 2020 under the Appeals Modernization Act (AMA) system. In January 2020, the Veteran appealed this claim to the Board, and selected the direct review lane. Because the Veteran selected the direct review lane, the Board may only consider evidence that was before the Agency of Original Jurisdiction (AOJ) when it adjudicated the claim in the January 2, 2020 rating decision. 

Whether new and relevant evidence was presented to warrant readjudication of a claim of entitlement to service connection for erectile dysfunction secondary to service-connected disabilities

The Veteran seeks readjudication of the previous denied claim of entitlement to service connection for erectile dysfunction secondary to service-connected disabilities. In so doing, he implicitly contends that he submitted evidence that is new and relevant and warrants readjudication of the issue.

The Board finds that the evidence VA received after the previous denial of the claim is new and relevant to the Veteran’s claim.

The claim of entitlement to service connection for erectile dysfunction secondary to service-connected disabilities was originally denied in an August 2019 rating decision because the evidence of record did not show a nexus between the Veteran’s erectile dysfunction and his service-connected lumbar strain or the medication Paroxetine. The Veteran did not appeal that rating decision. Rather, he submitted a VA Form 20-0995, Decision Review Request: Supplemental Claim, in December 2019 seeking readjudication of the issue.

Since the August 2019 rating decision, VA has received an October 2019 medical opinion in which a VA clinician states that the etiology of the Veteran’s erectile dysfunction is smoking, depression, and anxiety. This evidence is new, and it is relevant because it raises a new theory of entitlement that was not previously addressed – namely, whether the Veteran’s erectile dysfunction is secondary to his service-connected posttraumatic stress disorder (PTSD). 38 C.F.R. § 3.2501(a). Previously, the AOJ considered a connection between erectile dysfunction and PTSD medication, not PTSD itself. Readjudication of the claim is therefore warranted.

REASONS FOR REMAND

1. Entitlement to service connection for erectile dysfunction as secondary to service-connected disabilities is remanded.

2. Entitlement to special monthly compensation based on loss of use of the creative organ is remanded.

This appeal is remanded to correct a duty to assist error that occurred prior to the January 2020 rating decision on appeal. The AOJ received an October 2019 medical opinion prior to the January 2020 decision on appeal. This medical opinion noted that the etiology of the Veteran’s erectile dysfunction was a mixture of smoking, depression, and anxiety, but did not consider whether the Veteran’s erectile dysfunction is proximately due to or aggravated by his service-connected PTSD. Upon remand, an addendum opinion should be obtained that considers this new theory of entitlement.

The matters are REMANDED for the following action:

Obtain an addendum opinion from an appropriate clinician regarding whether the Veteran’s erectile dysfunction is at least as likely as not (50 percent or greater probability) proximately due to service-connected PTSD or aggravated (defined as any increase in disability beyond the natural progression) by service-connected PTSD. Any opinion offered must be supported by a complete rationale. The clinician should reconcile his or her opinion with the notation in an October 2019 VA medical opinion that the etiology of the Veteran’s erectile dysfunction is smoking, depression, and anxiety. 

 

 

T. J. ANTHONY

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Budd, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.